No. 2247.—B. LETZLER *v.* B. W. HUNTINGTON.

A person who causes the arrest and imprisonment of another, without showing probable cause for his conduct, is liable in damages, and the acquittal of the person arrested after a trial or an examination, is presumptive evidence of want of probable cause for the arrest.

APPEAL from the Fifth District Court of New Orleans. *Leaumont*, J. *Braughn & Buck*, for plaintiff and appellee. *M. Grivot*, for defendant and appellant.

This case was tried by a jury in the court below.

HOWELL, J. The defendant has appealed from a judgment rendered on the verdict of a jury against him for damages for false arrest and imprisonment on a charge of larceny of certain cotton wrecked in Mobile bay and brought to this city on plaintiff's schooner.

The defendant's counsel objected to a copy of the affidavit made by defendant, because it was not certified as a true copy by the Recorder, and was not an affidavit for larceny, as charged in the petition, but for the conversion of the cotton, which belonged to the wreck of a certain steamer.

The form, "a true copy," signed by the Recorder, is a sufficient certificate. The second objection goes to the effect and not the admissibility of the document.

The objection to the second document attached to the former, as an affidavit of the officer making the arrest, should have been sustained, as it was unsigned.

The evidence establishes the arrest, imprisonment and discharge of the plaintiff, and that the defendant was the prosecutor. It also shows

that the plaintiff bought the cotton in Ocean Springs, Mississippi; that he was a man of good character; that the defendant made the affidavit, after having been informed on this subject, expressed his regret, and said he would not make it; that the examination of plaintiff before the Recorder was continued from time to time for a month, to enable the defendant to procure evidence to sustain his charge, and that plaintiff, who resided and did business in Ocean Springs, was put to great expense and inconvenience on account of this prosecution.

Under the circumstances we think plaintiff has shown all that is essential to maintain his action for damages, on account of an illegal prosecution and imprisonment without probable cause.

Judgment affirmed.